# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY J. DECKER, | CASE NO. 1:10-CV-00371-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| C. WILLIAMS, | (DOC. 1) |
| Defendant. | |

## Screening Order

**I.     Background**

Plaintiff Randy J. Decker ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on February 8, 2010, in the Sacramento Division of the Eastern District of California. The case was transferred to this Court on March 2, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Complaint

Plaintiff is incarcerated at McFarland Community Correctional Facility ("MCCF") in McFarland, California. Plaintiff names as Defendant GEO Officer C. Williams.

Plaintiff alleges the following. On November 29, 2009, at 22:45, Plaintiff was woken up and told to remove a dental floss clothes line he had on the backside of his bed. Plaintiff stated, "You woke me up for that?" Defendant Williams informed Plaintiff that he needed to take it down. Plaintiff replied that he would take it down later, and that it was not obstructing her view. She told Plaintiff's bunkmate, "Is that how you guys feel?" She then walked away.

On December 26, 2009, Plaintiff received a 128A from Defendant Williams in the mail. Defendant Williams had written that Plaintiff told her to fuck off and that he didn't have to do shit. Plaintiff contends that this was initially a 115 write-up that had been reduced to a 128A without a hearing. Sgt. Martinez informed Plaintiff on January 16, 2010 that he had a 115 for disrespecting staff.

Plaintiff requests as relief that Defendant Williams be reprimanded and counseled.

## III.    Analysis

It is unclear what constitutional violation is alleged here. The Court presumes that Plaintiff is alleging a violation of the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation

of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Here, there is no allegation of a protected liberty interest. Additionally, Plaintiff seems to have received due process in this action, as he was notified that a CDC 128A had been filed against him. Plaintiff thus fails to state a claim.

## IV.   Conclusion And Order

Plaintiff fails to state any claims for relief under 42 U.S.C. § 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567

1  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 29, 2010**          **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE