IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY J. DECKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. WILLIAMS,<br><br>　　　　Defendant.<br>_____/ | 1:10-CV-00371-DLB (PC)<br><br>ORDER DISMISS CASE FOR FAILURE TO PROSECUTE, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO STATE A CLAIM<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

   Plaintiff Randy J. Decker ("Plaintiff") is a former California state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on February 8, 2010. On December 9, 2010, the court issued an order dismissing the complaint, with leave to file an amended complaint, within thirty (30) days. The thirty (30)-day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order. On December 15, 2010 the order served on Plaintiff was returned by the U.S. Postal Service as undeliverable.

   Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

///

///

1  In the instant case, sixty days have passed since Plaintiff's mail was returned and he has not
2  notified the court of a current address.

3  Local Rule 110 provides that "failure of counsel or of a party to comply with these Local
4  Rules or with any order of the Court may be grounds for the imposition by the Court of any and
5  all sanctions . . . within the inherent power of the Court." District courts have the inherent power
6  to control their dockets and "in the exercise of that power, they may impose sanctions including,
7  where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th
8  Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute
9  an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v.*
10 *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*
11 *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
12 order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
13 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
14 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
15 for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
16 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

17 In determining whether to dismiss an action for lack of prosecution, failure to obey a
18 court order, or failure to comply with local rules, the court must consider several factors: (1) the
19 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
20 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
21 their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;
22 *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
23 *Ghazali*, 46 F.3d at 53.

24 In the instant case, the Court finds that the public's interest in expeditiously resolving this
25 litigation and the court's interest in managing the docket weigh in favor of dismissal. The third
26 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
27 injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air*
28 *West*, 542 F.2d 522, 524 (9th Cir. 1976). The Court cannot hold this case in abeyance, as this

1  case has been pending since February of 2010.  The fourth factor -- public policy favoring
2  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
3  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
4  will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963
5  F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order
6  expressly stated: "If Plaintiff fails to comply with this order, the Court will dismiss this action
7  for failure to obey a court order and failure to state a claim."  Thus, Plaintiff had adequate
8  warning that dismissal would result from his noncompliance with the court's order.

9       Accordingly, it is HEREBY ORDERED that this action is DISMISSED for failure to
10  prosecute, failure to obey a court order, and failure to state a claim.  This dismissal counts as a
11  strike pursuant to 28 U.S.C. § 1915(g).

13     IT IS SO ORDERED.
14     **Dated:  March 22, 2011**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE